Filed 1/27/15  P. v. Raiff CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHN BRYAN RAIFF,<br><br>     Defendant and Appellant. | A142598<br><br>(Solano County<br>Super. Ct. No. FCR301592) |

John Bryan Raiff (appellant) appeals from a judgment entered after he pleaded no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted he had suffered two prison priors (Pen. Code, § 667.5). Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

An information was filed December 17, 2013 alleging that appellant had possessed a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 1), and had suffered four prison priors (Pen. Code, § 667.5).

The information was based on an incident that occurred on August 2, 2013.[1]  At approximately 9:45 that morning, Fairfield police officer Samuel Rowland and his partner, Detective Griego, were in the area of North Texas and Utah Street in Fairfield, trying to find Jessica Castro to question her about a homicide investigation.  Neither was in uniform, but both wore badges and carried guns and a radio.

While standing in the front yard of a house on Utah Street, Rowland noticed a large, yellow Dodge van parked in the driveway next door with a female passenger who appeared to be Castro.  The passenger door was closed, the window was rolled down, and the radio was playing, but the engine was not on.  Rowland went up to the van and asked to speak to Castro, and a woman got out of the van.  Appellant, who was sitting in the driver's seat of the van, got out at the same time; Rowland could not recall whether he had asked appellant to also get out of the van.  The van was not registered to appellant.

As Griego spoke to Castro, Rowland engaged in "[s]mall talk" with appellant on the sidewalk near the back of the van.  Appellant asked if he could get his dog and put him in the backyard of his house on Utah Street.  Rowland accompanied appellant towards the side gate of the house, and as they walked back, Rowland noticed "what appeared to be someone hiding in the back" of the van.  Rowland called for a cover unit and another officer arrived at the scene.  The officers found a third person, Donald Murphy, in the van, covered with a blanket "over most of his body except for his shoes."  Rowland knew Murphy, but Murphy initially identified himself with a different name, Michael Edwards.  The officers called Murphy out of the van and determined that Murphy was on parole, with search and seizure terms.  The officers searched the van and found a sawed off shotgun and what appeared to be a pipe used for smoking methamphetamine.  Appellant was arrested, and upon a search incident to arrest, the officers found methamphetamine.

Appellant moved to suppress the evidence against him (Pen. Code, § 1538.5), and following a hearing on April 30, 2014, the trial court denied the motion.  The court found

[1]The facts relating to the incident are taken from the hearing on a motion to suppress.

2

the search of the van was proper due to the presence of the parolee, Murphy, and that there was probable cause to arrest appellant based on the discovery of the shotgun. The court further found the methamphetamine was discovered pursuant to a proper search incident to arrest.

On May 29, 2014, appellant pleaded no contest to count 1 and admitted two prison priors. Pursuant to the plea agreement, the prosecution agreed that appellant would not be sent to state prison initially, would receive credit for time served, and would receive formal probation. Appellant waived his right of appeal. The trial court found a factual basis for the plea based on stipulation of counsel, and dismissed the other two prison priors.

On July 10, 2014, the trial court suspended imposition of judgment and sentence, placed appellant on three years formal probation on condition that he serve one day in county jail, and gave him credit for one day. The court imposed a restitution fine in the amount of $300, imposed but stayed a parole revocation fine in the same amount, imposed fees of $40 (Pen. Code, § 1465.8) and $30 (Govt. Code, § 70373), and ordered additional standard probation conditions. Appellant timely appealed on July 18, 2014. He timely filed an Amended Notice of Appeal on September 5, 2014, and requested a Certificate of Probable Cause, which the trial court denied on September 8, 2014.

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities. (*Ibid.*; *People v. Kelly* (2006) 40 Cal.4th 106.) The trial court did not err in denying the motion to suppress evidence. There is no good cause to allow appellant to withdraw his no contest plea. Appellant was adequately represented by counsel at every stage of the proceedings. There was no sentencing error. There are no issues that require further briefing.

3

**DISPOSITION**

The judgment is affirmed.

_____

McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.